OPINION of the Court, by
Ch. J. Boyle.
This was an action of trespass assault and battery. The damages were laid in the writ at 1000 dollars, and in the declaration at 100 dollars. The verdict was for 120 dollars, and the judgment rendered for that sum, from which this appeal is prosecuted.
The only objection taken by the assignment of error, is, that the judgment is for more than the damages laid in the declaration.
This objection would, without doubt, have been fatal at common law, but as the damages laid in the writ are *323 sufficient to cover the amount of the verdict and judgment, the defect in the declaration is, we apprehend, cured by the statute of jeofails. The act of jeofails of 1796, provides that “ no judgment after a verdict of twelve men shall be stayed or reversed for mistake of the Christian name or surname of either party, sum of money, &c. in the declaration or pleading, the name, sum, &c. being right in any. part of the record or proceedings."
This provision is copied literally from the Virginia statute upon the same subject, and it has long since been settled by the appellate court of that state, that the omission to lay damages in the declaration, though in an action sounding altogether in damages, is cured after a verdict —Stephens vs. White, 2 Washington 203. The same doctrine has been repeatedly recognized by this court —See Robinet vs. Morris's adm'rs. Hard. Rep. 93, and Walker vs. Kendall, ibid 407. Where the damages in the declaration are less than those laid in the writ, the case is more expressly within the letter of the statute, and is certainly not less within its spirit, than where there is a total omission of the damages in the declaration ; and it was accordingly held in the case of Palmer and Eubank, vs. Mill, 3 Hen. and Mun. 502, that a defect of this sort came within the statute and was cured by the verdict.
But it was contended by the counsel for the appellant, that a defect in pleading can only be cured by reference to some preceding part of the record or proceedings ; and as by an act of 1809 of this state, the declaration is required .to be filed previous to the emanation of the writ, and as it was so filed in this case, they infer that the statute of jeofails does not apply to the case.
The doctrine contended for is certainly correct, with respect to the statutes of amendments, properly so called, but with relation to the statutes of jeofails it is incorrect. A slight attention to the language of the provision before recited, must dissipate every doubt upon this subject: for the mistakes therein enumerated are explicitly declared to be cured if the name, sum, &c. be right “ in any part of the record or proceedings.
As the doctrine contended for, therefore, is incorrect, it necessarily follows that the inference deduced from, it must fail.- — Judgment affirmed with costs, &c.